CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 25 2017

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:16CR00008-03 |
| v. ) | **MEMORANDUM OPINION** |
| DOUGLAS EDWARD GIBSON, ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

On May 22, 2017, the parties appeared before the court for a hearing on various motions filed by the defendant and the government. This memorandum opinion sets forth the court's rulings on the pending motions.

## Background

On February 18, 2016, the defendant, Douglas Edward Gibson, and three codefendants were charged in a seven-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Gibson with conspiracy to distribute, and possess with intent to distribute, 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Count Four charged Gibson with distribution of a measurable quantity of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Six charged Gibson with distribution of 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On February 25, 2016, Gibson was brought before a magistrate judge for an initial appearance. Although a jury trial was originally scheduled to begin on May 4, 2016, one of Gibson's codefendants filed a motion for a continuance on March 30, 2016. By order entered April 9, 2016, the court granted the motion and the jury trial was rescheduled to begin on July

25, 2016. On June 29, 2016, the same codefendant filed another motion for a continuance. The court granted the motion on July 20, 2016, and continued the trial until September 21, 2016. In granting the codefendant's motions, the court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendants in a speedy trial.

On August 18, 2016, Gibson moved to dismiss the attorney who had been appointed to represent him. The court granted Gibson's motion on September 2, 2016, and appointed a new attorney to represent Gibson. On September 13, 2016, Gibson's counsel filed a motion for a continuance. The court granted the motion on September 23, 2016, and continued the trial until January 9, 2017. On December 12, 2016, Gibson filed a number of discovery motions, which were ruled upon on December 20, 2016. Additionally, on December 19, 2016, Gibson's counsel filed another motion for a continuance. The motion was granted, and the trial was continued until February 6, 2017. In granting the motions filed by Gibson's counsel, the court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendant in a speedy trial.

On January 23, 2017, Gibson filed a motion to suppress. One week later, on January 30, 2017, the attorney representing one of Gibson's codefendants unexpectedly withdrew from representing the codefendant. The government intended to call the codefendant as a witness at Gibson's upcoming trial.[1] Consequently, on February 1, 2017, the government filed a motion for a continuance. At the time the government's motion was filed, replacement counsel for Gibson's codefendant had not yet been determined. Gibson's counsel advised the government and the court that counsel did not object to the requested continuance.

---

[1] By that time, all three of Gibson's codefendants had entered plea agreements with the government.

2

On February 14, 2017, Gibson's counsel, at his request, moved to withdraw from the case. That same day, the court granted the motion, and appointed Gibson's current counsel to represent him in all further proceedings.

On February 16, 2017, the grand jury returned a superseding indictment against Gibson, which corrected a technical error in the original indictment.[2] Gibson, proceeding pro se, moved to dismiss the indictment.

On March 17, 2017, the court granted the continuance that was initially requested by the government, and continued the trial until June 5, 2017. The court again found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendant in a speedy trial.

On April 14, 2017, Gibson moved to suppress a statement that he gave to federal agents on November 20, 2015. On May 16, 2017, Gibson filed a motion for exculpatory evidence. The court held a hearing on all of the pending motions on May, 22, 2017.

## Discussion

### I. Gibson's Motions

### A. Pro Se Motion to Dismiss the Indictment

On March 6, 2017, Gibson filed the instant motion to dismiss the indictment on multiple grounds.[3] The court will address each ground in turn.

---

[2] The original indictment incorrectly listed methamphetamine as a Schedule I controlled substance rather than a Schedule II controlled substance.

[3] Gibson filed a similar pro se motion on September 22, 2016. However, that motion was withdrawn by Gibson's former counsel, and therefore dismissed as moot on December 20, 2016. See Dec. 20, 2016 Order, Docket No. 116.

3

1. **Speedy Trial**

Gibson first contends that the delay between his indictment and trial violates his right to a speedy trial. Construing the defendant's motion liberally, the court will consider his speedy trial challenge under both the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and the Sixth Amendment.

a. **Speedy Trial Act**

Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy days from the filing date of the information or indictment, or from the date of the defendant's first appearance before a judicial officer, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). The time periods specified in the Speedy Trial Act do not run continuously. The Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). The excludable time includes delays attributable to continuances granted "at the request of the defendant or his counsel or at the request of the attorney for the Government," if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Delays attributable to pretrial motions are also excluded from computation. 18 U.S.C. § 3161(h)(1)(D). Additionally, "when a prosecution involves multiple defendants, the 'time excludable for one defendant is excludable for all defendants.'" United States v. Kellam, 568 F.3d 125, 137 (4th Cir. 2009) (quoting United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998)); see also 18 U.S.C. § 3161(h)(6) (excluding a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

In this case, Gibson appears to argue that the Speedy Trial Act was violated because he did not personally request or consent to any of the continuances that were granted by the court. This argument, however, is without merit. The first two continuances were requested by one of

4

Gibson's codefendants. In granting the continuances, the court explained its reasons for finding that the ends of justice served by granting the continuances outweighed the interests of the public and the defendants in a speedy trial. Since no motion for severance was ever made or granted, the delays resulting from the continuances requested by Gibson's codefendant are excludable under the Speedy Trial Act. See 18 U.S.C. § 1361(h)(6) & (h)(7)(A); see also United States v. Sarno, 24 F.3d 618, 622 (4th Cir. 1994) (holding that the period of delay resulting from a continuance requested by a codefendant was properly excluded from the defendant's speedy trial computations).

The same is true for the other three continuances granted by the court, which were either requested or agreed to by Gibson's counsel. On each occasion, the court explained its reasons for finding that the ends of justice served by granting the continuance outweighed the interests of the public and the defendant in a speedy trial. Accordingly, regardless of whether Gibson personally consented to the continuances, the time periods covered by the court's order granting the continuances is excluded from the computations under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A) (authorizing courts to grant continuances "at the request of the defendant <u>or his counsel or at the request of the attorney for the government</u>") (emphasis added); see also United States v. Lynch, 726 F.3d 346, 356 (2d Cir. 2013) (holding, pursuant to § 3161(h)(7)(A), that "a district court may grant a continuance sought by counsel without the consent of the defendant so long as the district court determines that the ends of justice would be served based upon its analysis of the factors articulated in 18 U.S.C. § 3161(h)(7)(B)"); United States v. Gates, 709 F.3d 58, 65 (1st Cir. 2013) (holding that "a defendant's lawyer may seek a continuance and the concomitant exclusion of time for [Speedy Trial Act] purposes without first securing the defendant's personal consent"); United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) ("agree[ing] with the Sixth Circuit that the plain language of section 3161(h)(7)(A) 'does not

5

require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial'") (quoting United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009)); United States v. Bryant, 1998 U.S. App. LEXIS 1408, at *8 (4th Cir. Feb. 2, 1998) (unpublished) (reasoning that requiring the defendant's actual consent in order for the period resulting from a continuance to be excluded under the Speedy Trial Act "would put the district court in the precarious position of having to determine whether a defendant's legal counsel or the defendant himself is actually speaking for the defendant").

Excluding the delays resulting from pretrial motions and continuances, Gibson will be tried less than seventy days from the date of his initial appearance. Accordingly, Gibson's challenge under the Speedy Trial Act is without merit.

### b. Sixth Amendment

Alternatively, Gibson asserts a violation of his Sixth Amendment right to a speedy trial. The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In assessing whether the defendant's constitutional right to a speedy trial has been violated, courts consider the four factors articulated by the Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972): (1) the length of the delay between indictment and trial; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. 407 U.S. at 530. To prevail on his speedy trial claim, the defendant must "establish 'that on balance, [the] four separate factors weigh in his favor.'" United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009) (quoting United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995)).

"As the Supreme Court has explained, the first Barker factor involves two aspects. First of all, a reviewing court must decide whether the length of the delay triggers a speedy trial

inquiry . . . . Second, a reviewing court must weigh 'the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" Id. (quoting Doggett v. United States, 505 U.S. 647, 651-52 (1992)). As a general rule, "delays approaching -- or, as here, exceeding -- one year presumptively surpass the bare minimum required to trigger a constitutional inquiry." United States v. Lloyd, 645 F. App'x 273, 277 (4th Cir. 2016) (citing Doggett, 505 U.S. at 651-52 & 652 n.1). Accordingly, the court must consider the other three factors to determine whether the delay violated Gibson's Sixth Amendment right to a speedy trial. Hall, 551 F.3d at 272.

The second Barker factor requires an examination of the reasons for the delay, which "specifically focuses on the intent of the prosecution." Id. (citing Barker, 407 U.S. at 531). In this case, only one of the continuances granted by the court was requested by the government, and there is no evidence of prosecutorial misconduct or bad faith. Instead, the government was required to seek a continuance, five days prior to trial, after the attorney representing one of Gibson's codefendants, who the government planned to call as a witness against Gibson, suddenly withdrew from the case and the codefendant was left without counsel for a period of time. The day before a new attorney appeared in the case for the codefendant, Gibson's counsel moved to withdraw from representing him at Gibson's request, and the court ultimately appointed a third attorney to represent Gibson. Accordingly, when the court granted the government's motion for a continuance, which was agreed upon by defense counsel, the court expressly found that the "failure to grant such a continuance would deny counsel for all defendants and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Mar. 17, 2017 Order, Docket No. 155. Because Gibson played a role in the delays in the case, and since nothing in the record

7

suggests an improper motive by the government, the court concludes that the second Barker factor weighs against Gibson.

"The third Barker factor is whether the [defendant] made a timely assertion of [his] speedy trial rights." Hall, 551 F.3d at 272. Although Gibson has asserted his right to a speedy trial, he has also contributed to the delays by twice seeking the appointment of new counsel, who, in turn, requested or consented to continuances of the trial. Accordingly, this factor "weighs only slightly in [his] favor." United States v. Rodriguez, No. 95-5584, 1998 U.S. App. LEXIS 14491, at *19 (4th Cir. June 29, 1998) (observing that this factor did not heavily weigh in the defendant's favor since he was among the defendants who sought the continuances that had caused the delay).

Finally, Gibson has made no showing of prejudice, and thus the final factor also weighs against him. "On this point, the Supreme Court has identified three defense interests for consideration: (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." Hall, 551 F.3d at 272 (citing Barker, 407 U.S. at 532). Here, Gibson has not asserted that his detention has been oppressive. Nor has he identified "any restraint on liberty, disruption of employment, strain on financial resources, [or] exposure to public obloquy that was greater than that faced by anyone openly subject to criminal investigation." Id. (citation and internal quotation marks omitted). Finally, there is no evidence that Gibson's defense has been impaired by the delay. Gibson has not identified any witnesses that are unavailable as a result of the delay; he has not shown that any witness is unable to accurately recall the relevant events; he does not contend that exculpatory evidence has been lost; and he has not identified any evidence that has been rendered unavailable as a result of the delay. See id. at 273.

After balancing the Barker factors, the court concludes that Gibson's constitutional right to a speedy trial has not been violated as a result of the delay between his indictment and trial. Accordingly, to the extent Gibson seeks dismissal of the indictment on speedy trial grounds, the motion is denied.

2. **Assistance of Former Counsel**

Gibson has also moved to dismiss the indictment on the basis that the first two attorneys who were appointed to represent him refused to file certain motions on his behalf. Gibson further alleges that one of the attorneys tried to coerce him to plead guilty. The court is of the opinion that Gibson's complaints regarding the assistance provided by his former attorneys have been rendered moot by the appointment of his current counsel, who has pursued the motions requested by Gibson and is fully prepared to represent him at trial. Thus, to the extent Gibson seeks dismissal of the indictment on the basis of ineffective assistance, the motion is denied.

3. **Appointment of Current Counsel**

In moving to dismiss the indictment, Gibson also questions whether the Assistant United States Attorney was improperly allowed to provide input regarding the selection of his current counsel. As explained during the hearing, the court's deputy clerk inquired of the Assistant United States Attorney merely to ensure that the attorney appointed for Gibson did not represent a defendant in a related case or otherwise have any known conflicts. Accordingly, Gibson is not entitled to dismissal of the indictment on this ground.

4. **Sufficiency of the Evidence**

Finally, Gibson seeks dismissal of the indictment on the basis that the government does not have sufficient evidence to secure a conviction. To the extent the evidence is insufficient to convict Gibson of any of the charges against him, the appropriate remedy is acquittal, not dismissal of the indictment. See United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000)

9

("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."). For all of these reasons, Gibson's pro se motion to dismiss the indictment is denied.

### B. Motions to Suppress

On January 23, 2017, Gibson moved to suppress any data obtained from GPS tracking devices installed on his vehicles. On April 14, 2017, Gibson moved to suppress a statement that Gibson provided to federal agents. The government has advised the court that it will not use the data obtained from the GPS devices placed on the defendant's vehicles. Likewise, the government has agreed not to use the defendant's statement in its case-in-chief or for impeachment purposes. Accordingly, the pending motions to suppress are denied as moot.

### C. Motion for Exculpatory Evidence

On May 16, 2017, Gibson filed a motion for production of exculpatory evidence, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). For the reasons stated during the hearing, the motion is granted.

## II. Government's Motions

### A. Motion in Limine

For its part, the government has moved to preclude the defendant from referring to the sentence he might face if convicted of the crimes charged. In accordance with existing precedent, the government's motion is granted. See United States v. Meredith, 824 F.2d 1418, 1429 (4th Cir. 1987) (observing that comments about a defendant's possible sentence "are improper and may warrant a reversal"); United States v. Robinson, 583 F. App'x 53, 54 (4th Cir. 2014) (noting that courts have "uniformly held that juries must reach a verdict without knowledge of possible sentences").

### B. Request for Lafler/Frye Inquiry

The government has also requested that the court make a formal inquiry on the record, prior to trial, as to whether the defendant (1) had the opportunity to consider the plea agreements offered by the government, and (2) knowingly and willfully chose not to accept any of the plea agreements. See Lafler v. Cooper, 566 U.S. 156 (2012); Missouri v. Frye, 566 U.S. 134 (2012). For the reasons stated during the hearing, the government's request is granted. The court will conduct a Lafler/Frye inquiry of Gibson on June 5, 2017, prior to the start of trial.

### Conclusion

For the reasons stated, the defendant's pro se motion to dismiss the indictment is denied, the defendant's motions to suppress are denied as moot, the defendant's motion for exculpatory evidence is granted, the government's motion in limine is granted, and the government's request for a Lafler/Frye inquiry is granted.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 25th day of May, 2017.

_____
Chief United States District Judge